NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARAYA WOLDE-GIORGIS; YAKOB ARAYA, Plaintiffs-Appellants, v. KEN FETTER; et al., Defendants-Appellees. | No. 15-15580 D.C. No. 2:14-cv-02700-SRB MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted March 8, 2017[**]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Araya Wolde-Giorgis and Yakob Araya appeal pro se from the district

court's judgment dismissing their 42 U.S.C. §§ 1981, 1983 and 1985(3) action

alleging systematic racial discrimination and retaliation.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C.

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1915(e)(2)(B)(ii), *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and we affirm.

The district court properly dismissed plaintiffs' claims for retaliation, defamation-plus and conspiracy under § 1985(3) because plaintiffs failed to allege facts sufficient to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016) (setting forth elements of a § 1983 claim for retaliation); *Crowe v. County of San Diego*, 608 F.3d 406, 444 (9th Cir. 2010) (setting forth elements of a § 1983 defamation-plus claim); *Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1144-45 (9th Cir. 2006) (setting forth elements of a § 1981 racial discrimination claim); *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (setting forth elements of a § 1985(3) conspiracy claim).

The district court properly dismissed plaintiffs' race discrimination claim because the claim was barred in part by the statute of limitations, and to the extent that it was not, plaintiffs failed to allege facts sufficient to state a plausible claim for relief. *See Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1134 (9th Cir. 2003) (setting forth elements of a § 1983 claim for an equal protection violation in educational setting); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.

1999) (stating that a § 1983 discrimination claim is subject to Arizona's two-years statute of limitations for personal injury claims and "accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action"); *see also Hebbe*, 627 F.3d at 341-42.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as unsupported by the record Wolde-Giorgis's contention that the district court judge conspired against plaintiffs.

**AFFIRMED.**